Slip Op. 23-12

## UNITED STATES COURT OF INTERNATIONAL TRADE

<table>
<tr>
<td>

**COLUMBIA ALUMINUM PRODUCTS, LLC, et al.,**

Plaintiffs,

v.

**UNITED STATES,**

Defendant,

and

**ENDURA PRODUCTS, INC.,**

Defendant-Intervenor.

</td>
<td>

**Before: Timothy C. Stanceu, Judge**

**Consolidated Court No. 19-00185**

</td>
</tr>
</table>

## OPINION AND ORDER

[Denying defendant-intervenor's motion for a stay of proceedings]

Dated: February 6, 2023

*Jeremy W. Dutra*, Squire Patton Boggs (US) LLP, of Washington, D.C., for plaintiff. With him on the brief was *Peter J. Koenig*.

*Alexander J. Vanderweide*, Senior Trial Counsel, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, of New York, N.Y., for defendant. With him on the briefs was *Justin R. Miller*, Attorney-in-Charge. Also on the briefs were *Jeanne E. Davidson*, Director, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, of Washington, D.C., and *Stephen C. Tosini*, Senior Trial Counsel. Of counsel on the briefs was *Tamari J. Lagvilava*, Attorney, Office of the Chief Counsel, U.S. Customs and Border Protection, U.S. Department of Commerce, of Washington, D.C.

*Robert E. DeFrancesco, III*, Wiley Rein LLP, of Washington, D.C., for plaintiff and defendant-intervenor Endura Products, Inc. With him on the briefs was *Elizabeth S. Lee*.

Stanceu, Judge:  Endura Products, Inc. ("Endura"), a plaintiff and defendant-intervenor in this consolidated action, which was brought to contest decisions of U.S. Customs and Border Protection ("Customs" or "CBP") under the Enforce and Protect Act, 19 U.S.C. § 1517 (2018) ("EAPA"), moves to stay proceedings pending a conclusive decision in an appeal of this Court's judgment in another proceeding.  Defendant United States consents to a stay.  Plaintiff Columbia Aluminum Products, LLC ("Columbia Aluminum" or "Columbia") is opposed.  The court denies the motion.

## I. BACKGROUND

This litigation arose from determinations by Customs that certain assembled door thresholds imported from Vietnam by Columbia were evading antidumping and countervailing duty orders on certain aluminum extrusions from the People's Republic of China (the "Orders").  *Notice of Final Determination as to Evasion* (Mar. 20, 2019), PR Doc. 61;[1] *Enforce and Protect Act ("EAPA") Case Number 7232* (Aug. 26, 2019), PR Doc. 67; *Aluminum Extrusions from the People's Republic of China: Antidumping Duty Order*, 76 Fed. Reg. 30,650 (Int'l Trade Admin. May 26, 2011); *Aluminum Extrusions From the People's Republic of China: Countervailing Duty Order*, 76 Fed. Reg. 30,653 (Int'l Trade Admin. May 26, 2011).

---

[1] Documents in the Administrative Record (Oct. 23, 2019), ECF Nos. 24 (public), 25 (conf.) are cited herein as "PR Doc. __."  All citations to record documents are to the public version of those documents.

Columbia and Endura have filed motions for judgment on the agency record under USCIT Rule 56.2.  In the Opinion and Order in *Columbia Alum. Prods., LLC v. United States*, 46 CIT __, Slip Op. No. 22-156 (Dec. 23, 2022), this Court denied a motion of defendant for a remand and ordered the resumption of briefing on Columbia's and Endura's Rule 56.2 motions.  Under that Opinion and Order, defendant's and Endura's responses to Columbia's Rule 56.2 motion and defendant's response to Endura's Rule 56.2 motion are due on February 21, 2023.  *Id.* at 16.

Endura filed its motion for a stay on January 6, 2023.  Partial Consent Mot. to Stay Proceedings, ECF No. 67 ("Endura's Mot.").  Columbia filed its opposition to the motion on January 27, 2023.  Opp'n to Mot. to Stay Proceedings, ECF No. 68 ("Columbia's Opp'n").

## II. DISCUSSION

The decision to stay proceedings is a matter for the court's broad discretion and involves considerations of fairness to the litigants and judicial economy.  In this instance, the court concludes that Endura has failed to demonstrate that the stay it seeks will serve both of these objectives.

Endura bases its stay motion on its intention to appeal the judgment of this Court in *Columbia Alum. Prods., LLC v. United States*, 46 CIT __, Slip Op. No. 22-144 (Dec. 16, 2022).  Judgment (Dec. 16, 2022), Ct. No. 19-00013, ECF No. 93.  Endura refers to this

litigation as the "Columbia Scope Appeal." Endura's Mot. 2. The judgment sustained a decision Commerce reached, upon remand and under protest, that certain door thresholds Columbia imported from China were not within the scope of the Orders. *See Columbia Alum. Prods., LLC v. United States*, 46 CIT __, Slip Op. No. 22-156 (Dec. 23, 2022). Endura maintains that "[a] stay in this case would preserve the resources of the parties and the Court, as final resolution of the Columbia Scope Appeal may narrow the issues in the instant action." Endura's Mot. 3 (citation omitted). In its view, a stay is needed "to ensure that efforts and resources of the Court and of the parties are not expended and later rendered moot." *Id*. at 4. It argues, further, that a stay "would simply preserve the *status quo*" and "would not work undue harm or prejudice." *Id*.

Columbia disagrees that a stay would preserve resources and argues that it would be prejudicial as it "would allow the evasion determination against Columbia Aluminum to remain in place notwithstanding Commerce['s] determining that Columbia Aluminum's assembled thresholds are outside the scope of the Orders, thus imposing a continuing reputational harm on Columbia Aluminum and a financial harm given CBP's suspension of liquidation preventing the release of customs bonds." Columbia's Opp'n 2. Columbia adds that Endura has failed to demonstrate that denying a stay would cause it hardship or inequity, *id*., and the court agrees with this view. Endura has not convinced the court that continuing to participate in this

litigation on the current schedule, either in its capacity as a plaintiff or as a defendant-intervenor, will cause it harm in any appreciable way that could justify interrupting these proceedings pending its pursuit of an appeal in related litigation.

### III. CONCLUSION AND ORDER

On balance, the court concludes that allowing this litigation to proceed under the current schedule is preferable to a stay, which has the potential to cause prejudice to Columbia and is not necessary to avoid prejudice to Endura.

Therefore, in consideration of Endura's motion to stay and Columbia's opposition thereto, and upon due deliberation, it is hereby

**ORDERED** that the Partial Consent Motion to Stay Proceedings (Jan. 6, 2023), ECF No. 67, be, and hereby is, denied.

/s/ Timothy C. Stanceu
Timothy C. Stanceu, Judge

Dated: February 6, 2023
        New York, New York